UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

L. Dean Duke,

Plaintiff,

v.

Ikon Office Solutions, Inc., et al.,

Defendants.

Civil No. 00-2755 JRT/FLN

**ORDER**

---

Douglas A. Kelley, Esq., & Steven E. Wolter, Esq., for Plaintiff.
Daniel C. Gerhan, Esq., Joseph J. Costello, Esq., Megan W. Shafer, Esq., & Kay Yu, Esq., for Defendants.

---

**THIS MATTER** came for a hearing before the undersigned United States Magistrate Judge on October 22, 2001, on Plaintiff's Motion to Compel Production of Documents and to Amend the Pretrial Order [#19], in which he requests the production of certain documents, each of which Defendants have refused to produce on the grounds of the either the attorney-client or the work-product privilege, or both.

The attorney-client privilege is the long established rule that confidential communications between an attorney and his or her client are absolutely privileged from disclosure against the will of the client. See Diversified Indus., Inc. v. Meredith, 572 F.2d 596, 602 (8th Cir. 1978). The privilege applies "where legal advice of any kind is sought from a professional legal advisor in his [or her] capacity as such, the communications relevant to that purpose, made in confidence by the client, are at his [or her] instance permanently protected from disclosure by himself [or herself] or by the legal advisor except the protection be waived." Id. at 602 (citation omitted).

As it relates to the work-product doctrine, Rule 26(b)(5), Federal Rules of Civil Procedure,

FILED NOV 01 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

provides as follows:

> When a party withholds information otherwise discoverable under these rules by claiming that it is subject to protection as trial preparation material, the party shall make the claim expressly, and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

As previously noted by this Court in Onwuka v. Federal Express Corp., 178 F.R.D. 508, 512 (D. Minn. 1997):

> To obtain the protection of the work-product privilege, the party asserting the privilege must demonstrate that the material, which has been withheld, meets the definition of attorney work-product. See Rabushka ex rel. United States v. Crane Co., 122 F.3d 559, 565 (8th Cir.1997). The work-product doctrine, which was first announced in Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947), and which has been codified in Rule 26(b)(3) Federal Rules of Civil Procedure, shields from disclosure those documents, and other tangible objects, that were prepared in anticipation of litigation either by or for another party, or by or for that party's representative. See, In re Grand Jury Subpoena Duces Tecum, 112 F.3d 910, 923 (8th Cir.1997), cert. denied sub nom, Office of President v. Office of Independent Counsel, 521 U.S. 1105, 117 S.Ct. 2482, 138 L.Ed.2d 991 (1997); Norton v. Caremark, Inc., 20 F.3d 330, 339 (8th Cir.1994). As a practical matter, the scope of the work-product protection is broader than that of the attorney-client privilege since items protected by the work-product doctrine are not confined to confidential communications between an attorney and a client, but extends protection to all "documents and tangible things" that have been prepared in anticipation of litigation, or for Trial. See, In re Murphy, 560 F.2d 326, 337 (8th Cir.1977).

With these legal principles firmly in mind and based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel Production of Documents and to Amend the Pretrial Order [#19] is **GRANTED** as follows:

1. Insofar as the Motion challenges Defendants' assertion of either the Attorney-Client or Work Product Privilege with respect to certain Documents identified in their September 17, 2001, Revised Privilege Log, the Court finds that with respect to:

a. Document Nos. 5, 26, 28, 40, 98, 113-128 & 131, the privilege objection is **SUSTAINED**;

b. Document Nos. 3, 4, 6, 8-11, 13-14, 16, 17, 19, 21-23, 36, 38-39, 41-42, 47, 49-50, 54, 59, 69, 74-94, 96, 100-101, 105-107, 132 & 134, the privilege objection is **OVERRULED**. Defendants will produce un-redacted copies of those documents for Plaintiff's review, forthwith;

2. Insofar as the Motion seeks to Compel the production of non-privileged documents responsive to Plaintiff's First Set of Document Requests Nos. 1(g), 1(j), (1(m), 1(n), 1(o), 1(p), & 1(q), it is **GRANTED**;

3. Insofar as the Motion seeks to Compel the production of non-privileged documents responsive to Plaintiff's Second Set of Document Requests Nos. 3, 4, 5, 6, 8 & 11, it is **GRANTED**;

4. Insofar as the Motion seeks fees and costs incurred by either party, it is **DENIED**;

5. Insofar as the Motion seeks to extend and/or modify the Pretrial Schedule, it is **GRANTED** as follows:

a. All discovery shall be completed by December 1, 2001;

b. All non-dispositive motions and supporting documents, including those which relate to discovery, shall be served by December 1, 2001;

c. All other dates, including the trial ready date, remain unchanged.

DATED: October 31, 2001

Franklin L. Noel

FRANKLIN L. NOEL
Chief Magistrate Judge