**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**
**FOURTH DIVISION**

| | | |
|---|---|---|
| L. Dean Luke,<br><br>Plaintiff,<br><br>v.<br><br>IKON Office Solutions, Inc., et al.,<br><br>Defendants and Third-Party Plaintiffs,<br><br>v.<br><br>Georgia-Pacific Corporation and Unisource Worldwide, Inc.<br><br>Third-Party Defendants. | ) | File No. 00-CV-2755 JRT/FLN<br><br>**STIPULATION AND ORDER REGARDING CLASS CERTIFICATION** |

**WHEREAS**, Plaintiff L. Dean Luke is a participant in the IKON Office Solutions, Inc. 1991 Deferred Compensation Plan f/k/a the Alco Standard Corporation 1991 Deferred Compensation Plan (the "Plan"); and

**WHEREAS**, Plaintiff, individually and on behalf of a purported class of similarly-situated individuals, commenced this action against IKON Office Solutions, Inc. ("IKON") and the Plan, alleging a violation of the Employee Retirement Income Security Act

FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

of 1974, as amended ("ERISA"), 29 U.S.C. § 1001 et seq., and an entitlement to additional life insurance benefits under the Plan; and

**WHEREAS**, Plaintiff in this action asserts a claim under ERISA, and seeks joinder under Rule 23 of the Federal Rules of Civil Procedure of a class of other similarly situated Plan participants who received a life insurance policy under the Plan upon the later of retirement or attaining age 65; and

**WHEREAS**, Plaintiff has demanded judgment as follows:

1. Certifying the plaintiff class and appointing Plaintiff and his counsel to represent the Class.

2. Declaring that the Plan required Defendants to deliver to Plaintiff and each member of the Class a whole-life insurance policy with a paid-up death benefit in an amount equal to or exceeding the sum promised by the Plan to each participant and that Defendants' delivery of nonconforming universal life insurance policies to members of the Class breached Defendants' promises and obligations under the Plan and ERISA.

3. Declaring that Defendant IKON's purported termination of the Plan is null and void until such time as Defendants have completely satisfied their obligation to Plaintiff and each member of the Class to provide life insurance benefits in accordance with the Plan's terms.

4. Ordering entry of judgment against Defendants for all unpaid life insurance benefits promised by the Plan in an amount to be determined at trial.

5. Enjoining Defendant IKON from taking any action to terminate the Plan pending further order of the Court.

6. Assessing against Defendants all reasonable attorneys' fees and costs incurred in bringing this action pursuant to 29 U.S.C. § 1132(g) or as otherwise allowed by law.

7. For such other equitable relief as this Court deems just and equitable.

See Class Action Complaint at p. 13; and

**WHEREAS**, Plaintiff and Plaintiff's counsel represent to the Court that Plaintiff will fairly and adequately represent the members of the Class, and has retained counsel who are competent and experienced in handling plaintiff class actions and complex litigation before both state and federal courts; and

**WHEREAS**, the parties hereby stipulate that class certification is appropriate in this action pursuant to Fed. R. Civ. P. 23(b)(2).

**IT IS HEREBY ORDERED BY THE COURT AS FOLLOWS**:

1. Pursuant to this Stipulation of the parties, and based on the allegations of Plaintiff's Class Action Complaint and the representations of Plaintiff's counsel, the Court hereby certifies this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2).

2. In connection with this determination, the Court has concluded that:

(a) the membership of the class as a whole is so numerous that the joinder of the members thereof, for the purposes of pursuing the claims set forth in Plaintiff's Class Action Complaint, would be impracticable;

(b) there are issues of law and fact presented by Plaintiff's claims that are common to the claims of the members of the class as a whole;

(c) the claims of Plaintiff are typical of the claims of the members of the class;

(d) Plaintiff and his counsel are adequate to represent the class as a whole; and

(e) Defendants have acted or refused to act on grounds generally applicable to the class, thereby making final declaratory, injunctive and equitable relief appropriate with respect to the class as a whole.

3. Plaintiff shall represent the class as a whole for the purposes of seeking relief with respect to all claims asserted in Plaintiff's Class Action Complaint.

4. The class shall be defined as:

> All Plan participants who became fully vested in the life insurance benefits promised by the Plan and to whom a life insurance policy was transferred upon the commencement of benefits under the Plan at the later of the participant's retirement or attaining age 65.

5. Nothing herein shall be regarded as a determination of the merits of the claims to be resolved on behalf of Plaintiff, the class as a whole or as to any subclasses which hereafter may be determined. Nothing herein shall limit the ability of the parties to seek or oppose certification of subclasses; to seek or oppose decertification of the class as a whole; or to seek or oppose consolidation, expansion or decertification of the defined class or subclasses. Additionally, nothing herein shall limit the ability of the parties to seek or oppose consolidation, severance or separate trial of particular claims or groups of claims presented in this action.

Douglas A. Kelley #54525
Steven E. Wolter #170707
William Michael Jr. #0307245
DOUGLAS A. KELLEY, P.A.
Centre Village Offices, Suite 2530
431 South Seventh Street
Minneapolis, MN 55415
(612) 371-9090 Telephone
(612) 371-0574 Facsimile

Attorneys for Plaintiff

Joseph J. Costello
Kay Kyungsun Yu
Megan E. Shafer
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2921
(215) 963-5000 Telephone
(877) 432-9652 Facsimile

Daniel C. Gerhan #189698
FAEGRE & BENSON LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
(612) 336-3000

Attorneys for Defendants

IT IS SO ORDERED THIS 7th DAY OF January, 2002.

The Honorable John R. Tunheim
United States District Judge